## FLOREA & CO., INC. *v.* UNITED STATES

**No. 6561.**—Invoice dated Yokohama, Japan, May 2, 1936.
Certified May 2, 1936.
Entered at New York, N. Y., May 26, 1936.
Entry No. 845859.

(Decided on remand [Abstract 51271—Reap. Dec. 6190] December 2, 1946)

*William Whynman* for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (Dorothy C. Bennett, special attorney), for the defendant.

COLE, Judge: This case is before me on remand, *Florea & Co., Inc. v. United States*, 34 C. C. P. A. 26, C. A. D. 339. In my original decision, *same v. same*, 11 Cust. Ct. 384, Reap. Dec. 5908, the appeal was dismissed as invalid on the ground that plaintiff had failed to comply with sections 481, 482, 484, and 485 of the Tariff Act of 1930, dealing with the obligations of a consignee or agent to comply with all provisions of the tariff act necessary for proper entry and appraisement. My disposition of the case in said Reap. Dec. 5908 was based on a finding that plaintiff's exporting agent in Japan, acting under

instructions of the treasurer of the plaintiff corporation and with deliberate intention to defraud the revenue of the United States, falsified the invoice used on entry by showing a fictitious purchase price, making the merchandise subject to a lower rate of duty.

Substantially the same set of facts was presented before me in reappraisement 123771–A (*Florea & Co., Inc.* v. *United States,* 11 Cust. Ct. 377, Reap. Dec. 5907), decided concurrently with the instant case, both of them being concededly part of the same transaction. There, too, defendant moved for dismissal on the ground that the said sections of the Tariff Act of 1930 had not been complied with, and, consistent with my disposition of the present case, the motion was granted and the appeal dismissed, from which decision, plaintiff (importer), invoking the provisions of section 501 of the Tariff Act of 1930, has filed an application for review.

It was my opinion at the time of both of said decisions—and it is now—that Congress never intended to vest this court with jurisdiction over an appeal based upon entry papers, fraudulently prepared with the definite purpose of depriving the United States Government of revenue.

In reviewing my decision, Reap. Dec. 5908, *supra,* the instant case, a majority of the Second Division held in *same* v. *same* (15 Cust. Ct. 376, Reap. Dec. 6190) that "there was substantial compliance by the consignee or his agent, with the provisions of the act of 1930," and accordingly discussed the case on its merits, but concluded that the importer had failed to make out a *prima facie* case and therefore sustained the original judgment, dismissing the appeal.

The Court of Customs and Patent Appeals in C. A. D. 339, *supra,* held that "since no value was found by the trial court the clear duty of the division, when it held that it was error to dismiss the appeal for the reasons assigned by the trial court, was to reverse that judgment and remand the case to the trial court for proceedings in accordance with law."

The case is therefore before me at this time, pursuant to mandate of the appellate court, for decision on the merits. The issue herein finds plaintiff in the unusual position of seeking a higher export value, section 402 (d) of the Tariff Act of 1930 (19 U. S. C. 1940 ed. § 1402 (d)), than that found by the appraiser. The situation arises by virtue of a Presidential proclamation issued pursuant to the provisions of section 336 of the Tariff Act of 1930 (19 U. S. C. 1940 ed. § 1336), authorizing the Tariff Commission to "investigate the differences in the costs of production of any domestic article and of any like or similar foreign article," and to report to the President its findings with appropriate recommendations "to equalize such

differences." The Presidential proclamation, 69 Treas. Dec. 393, T. D. 48183, affecting the instant merchandise, was issued on February 21, 1936, and declared that duty on wool knit gloves from Japan, valued at not more than $1.75 per dozen, shall be based on American selling price as defined in section 402 (g) of the Tariff Act of 1930.

The shipment in question consisted of wool knit gloves designated as style or quality 7107. The merchandise was exported from Japan on May 2, 1936, and entered at the port of New York, on May 26, 1936. Entry was made at the invoice price of 6.10 yen per dozen ($1.76 U. S. currency), representing, as claimed by plaintiff, export value, section 402 (d), *supra*. The appraiser found an export value 5.90 yen per dozen ($1.70 U. S. currency), thus bringing into application the Presidential proclamation, T. D. 48183, *supra*. Accordingly, the merchandise was appraised on the basis of American selling price at $5.50 per dozen.

Plaintiff's proof, attempting to support its entered value, is wholly inadequate under the requirements of the statute, said section 402 (d), defining export value. The treasurer of the plaintiff corporation merely testified that in arranging for the purchase of the gloves in question, he investigated the foreign market by visiting "exporters," whom he referred to as people in Japan "who purchased merchandise for clients who came from abroad, and sold it to them at what they considered the best possible price." He consulted these so-called exporters, "showing them the sample and getting quotations as to what they *could* manufacture the same glove for." [Italics added.] Whether the "exporters" actually manufactured and sold, or offered for sale, gloves, like or similar to those in question, is not disclosed by the record. The witness' only statement, concerning a price, is that he "found out it was anywhere from 6.40 to 7 yen." Certainly such an indefinite quotation, as to what the gloves in question *could* be manufactured for, is not a compliance with the statutory requirement of showing the "market value or price" at which such or similar merchandise was freely offered for sale to all purchasers.

The record herein fails to establish any value for the instant merchandise different from that found by the appraiser, which I hold to be the proper dutiable value. Judgment will be rendered accordingly.

My conclusion now is consistent with the observation made in my previous decision, Reap. Dec. 5908, *supra*, when I stated that "in the proof adduced, plaintiff has utterly failed to meet its burden of establishing all the elements included in the statutory definitions of dutiable values as set forth in section 402 of the Tariff Act of 1930."