UNITED STATES *v.* LOUIS VICTOR ET AL.
LOUIS VICTOR ET AL. *v.* UNITED STATES

**No. 7522.**—Invoices dated Havana, Cuba, June 1943, etc.
              Certified June 1943, etc.
              Entered at Miami, Fla., June 30, 1943, etc.
              Entry No. M–2758, etc.

### Second Division, Appellate Term

(Decided January 29, 1948)

*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the United States.
*John F. Kavanagh* for the importers.

Before KINCHELOE, LAWRENCE, and MOLLISON, Judges

LAWRENCE, Judge: These petitions for review are in the nature of cross-appeals from the judgment of the trial court (18 Cust. Ct. 292, Reap. Dec. 6753) which held that the proper basis for appraising the imported merchandise covered by appeals for reappraisement listed in schedule A, attached hereto and made a part hereof, was export value (section 402 (d) of the Tariff Act of 1930), established by the importer to be represented by the entered values.

The merchandise consists of hard candy and chocolate bars which were exported from Havana, Cuba. It was entered at the port of Miami, Fla., at the invoice values of 15 cents per pound for the hard candy and 16 cents per package of two bars of chocolate. The hard candy was appraised at 21 cents per pound, with the exception of one importation which was appraised at 18 cents per pound. Some shipments of the chocolate were appraised at 26 cents per package and others at 28 cents per package. It is not disputed that the basis of appraisement in each instance was export value (section 402 (d), *supra*).

We shall consider first the petition of the United States.

The case was exhaustively tried, elaborately briefed, and ably argued orally.

From our examination of the record it is obvious that the trial judge made a very careful and searching analysis of the evidence which he detailed at considerable length. We believe it would serve no useful purpose to review it again here but in lieu thereof we adopt his elaborate and ably prepared opinion as our own.

The trial judge had certain important advantages which are not afforded us in that he was confronted by all of the witnesses and could

therefore observe their conduct and demeanor and was consequently better able to judge the character and credibility of their testimony. *Monroe-Goldkamp Co.* v. *United States*, 13 Ct. Cust. Appls. 545, T. D. 41429; *Joseph W. Callbeck* v. *United States*, 21 C. C. P. A. (Customs) 1, T. D. 46318. Therefore, when the trial court, after a thorough scrutiny of the evidence on a queston of fact, stated: "However, considering the record as a whole, I find that the preponderance in weight of the evidence supports the values claimed by plaintiffs," the reviewing court should be very reluctant to reverse in the absence of most compelling considerations, which are not here present.

We could pause here and affirm the judgment below. However, in its brief and in oral argument the Government is now contending that the importers failed to establish "that no foreign value existed for such or similar merchandise" and "that the foreign value of such or similar merchandise was not higher than the export value."

These contentions demand our serious consideration.

Parenthetically, it is important to note the following pertinent observations quoted from the opinion of the trial judge:

1. "These appeals for reappraisement concern the *export value,* section 402 (d) of the Tariff Act of 1930 (19 U. S. C. § 1402 (d))—*there being no contention for foreign value by either party*—* * *." [Italics supplied.]

2. "Defendant's brief correctly defines the issues presented in the case as '(1) Whether the weight of the evidence sustains the entered values or the appraised values. * * *.' " (*Note:* The other issue stated in defendant's brief was waived and consequently is not before us.)

3. "The first important and decisive question is addressed to the facts. I proceed therefore to analyze and deposit the evidence in the appropriate scales. This operation results in a clear preponderance of one over the other."

It is clear from the foregoing recitals that the case was tried and briefed and presented to the trial judge substantially upon the sole question of fact whether the weight of the evidence sustained the entered export values or the appraised export values.

Moreover it is significant that the statement under rule 38 accompanying the petition on behalf of the United States reads—

The Government, pursuant to Rule 38 of the United States Customs Court, hereby files this statement *as the grounds for its appeal.* [Italics supplied.]

The Court below erred—

(1) In finding and holding that the imported hard candy and chocolate are dutiable on the basis of export value, Section 402 (d), Tariff Act of 1930, at the entered values thereof, and in entering judgment accordingly.

(2) In not finding and holding that the imported hard candy and chocolate are dutiable on the basis of export value, Section 402 (d), Tariff Act of 1930, at the appraised values thereof, and in not entering judgment accordingly.

(3) In finding and holding "* * * that the preponderance in weight of the evidence supports the values claimed by plaintiffs" after stating in the opinion that,

* * * It is true that plaintiffs' line of proof is not altogether satisfying, and that some phases thereof give reason to doubt the merit of certain contentions.

(4) In not finding and holding that the preponderance in weight of the evidence supports the appraised values.

(5) In not disregarding, or alternatively in giving probative value to, the oral testimony denying that selling commissions were paid, which testimony is contrary to the documentary evidence.

(6) In finding and holding that—

* * * The construction sought of these so-called "scraps of paper" cannot be applied because of the lack of explanatory comment on them. As they appear herein, they are merely a collection of computations,

and in not finding that such "scraps of paper" are fully explained in the report, part of Collective Exhibit 16, and by the oral evidence as "* * * the real records of his [Roca's] business with these importers."

(7) In not finding and holding that the entered values represent prices for the instant merchandise based upon purchases in lots over 60,000 pounds.

(8) In not finding and holding that there is no probative evidence of "usual wholesale quantities," or "ordinary course of trade," or price at which such or similar merchandise is freely offered for sale to all purchasers in usual wholesale quantities and in the ordinary course of trade.

(9) In finding and holding that Collective Exhibit 16 does not warrant such controlling influence as to determine the outcome of this litigation, and in not finding and holding to the contrary.

We have set out the assignment of errors in full to show that there is nothing therein to suggest that the appealing party here was contending that there had been any failure of proof by the importers to establish the absence of a foreign value for such or similar merchandise, or that if one existed that it was not higher than the export value.

In the circumstances of this case, we are of the opinion that it is now too late to raise the question of a lack of proof relating to foreign value. Courts view with a hostile eye efforts to bring before appellate tribunals for consideration questions which were not presented to the trial court. *Missouri Pacific Railway* v. *Fitzgerald*, 160 U. S. 556; *United States* v. *Fuld & Co.*, 4 Ct. Cust. Appls. 234, T. D. 33476, and cases therein cited; *M. H. Rogers, Inc.* v. *United States*, 21 C. C. P. A. (Customs) 560, T. D. 46989.

The United States argues with much solicitude for the application here of the doctrine expressed in *Meadows, Wye & Co. (Inc.) et al.* v. *United States*, 17 C. C. P. A. (Customs) 36, T. D. 43324; *United States* v. *Malhame & Co.*, 19 C. C. P. A. (Customs) 164, T. D. 45276; and *United States* v. *T. D. Downing Co.*, 20 C. C. P. A. (Customs) 251, T. D. 46057, that it is incumbent upon the appealing party in reappraisement cases to "meet every material issue involved in the case." We are fully cognizant of the line of cases upholding that doctrine, which we do not ignore. Neither was it overlooked by the trial judge who correctly found from the record, briefs, and all the surrounding cir-

cumstances that the *only issue* in the case was whether the weight of evidence supported the appraised, or the entered, export values of the merchandise.

In passing, it is significant that, as stated by the trial judge in his opinion, the action of the local appraiser was based upon a customs agent's report received in evidence as collective exhibit 16. Any references therein which may be regarded as relating to foreign value for the merchandise in controversy would indicate that there was none.

A wholesome regard for orderly procedure and a proper respect for the basis upon which this case was approached before the trial judge compel the conclusion that the importers did meet every "material issue" in the case, and the trial court found that the preponderance in the weight of the evidence sustained the entered values.

It will be recalled that in the case of *United States* v. *Freedman & Slater, Inc.*, 25 C. C. P. A. (Customs) 112, T. D. 49241, our appellate court held that where the Government had an opportunity to attack an item of discount in the trial court in a reappraisement proceeding and failed to do so "it is too late to do so now, in view of the condition of the record."

In a very recent case that court applied the same principle and referred to *United States* v. *Freedman & Slater, Inc., supra*, with obvious approval. It said, in part—

\* \* \* In that case we stated that while the appraisement as it comes before the trial court must be presumed to constitute in *all* of its items the true value of the merchandise, the one who challenged the correctness of such value may do so in respect of *any* of such items. [Italics supplied.]

*United States* v. *Fritzsche Bros., Inc.*, 35 C. C. P. A. (Customs) 60, C. A. D. 371.

As all of the elements essential to an appraisement in the case now before us were implicit in the action of the appraiser (section 501, Tariff Act of 1930, as amended by the Customs Administrative Act of 1938), and since in our opinion the court below correctly determined the question of fact on the weight of the evidence, we conclude that the judgment of the trial judge should be affirmed.

We shall now consider the petition for review by the importers.

Although fully satisfied with the judgment of the trial court, the importers filed a cross-appeal "for the purpose of fully protecting its rights and to insure that the Appellate Court rule upon important questions of law raised by Louis Victor et al in the Court below" but not discussed by it in its decision, and assign the following errors:

1. In admitting and considering in evidence, over plaintiff's objection, defendant's Collective Exhibit 16—the so-called Special Agent's Report.

2. In not excluding from evidence the defendant's Collective Exhibit 16—the so-called Special Agent's Report.

3. In not finding and holding that the investigation in a Spanish language country (Cuba), the country of exportation of the involved merchandise, by a so-called Special Agent who could not understand Spanish, was worthless and of no evidentiary value.

4. In not finding and holding as a matter of law that where the defendant (The United States) had in its possession facts as to the market value of such or similar merchandise at or about the time of exportation of the merchandise involved herein which it refused to produce at the trial that such refusal raised the presumption of law that the concealed facts were not produced because said concealed facts were contrary to the defendant's contention as to the proper dutiable value of the involved merchandise.

5. In granting and in not denying the motion of the defendant (The United States) to file a supplemental brief because of erroneous statements of fact in the affidavit in support of said motion.

6. In not finding and holding as a matter of law that it is more the duty of an attorney for the United States to see that litigants against the Government obtain justice than it is for the attorney for the Government to be successful in such litigation. (*Berger* vs. *U. S.*, 55 S. Ct. 629, 633, cited in *Deas* vs. *State of Florida*, 161 So. Rep. 731.)

We find no merit in the errors assigned, which refer mainly to questions depending upon the exercise of discretion by the court. Moreover, if there could properly be said to be error in any of the matters to which the above assignment relates, it could not be regarded as prejudicial to the aggrieved party and hence would not constitute reversible error.

We accordingly find and hold that the merchandise to which these petitions for review relate was properly appraised on the basis of export value, and that the market value or the price, at the time of exportation of such merchandise to the United States, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus, when not included in such price, the other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, is represented by the entered values thereof.

Judgment will be entered herein affirming the decision and judgment of the trial judge.