UNITED STATES *v.* TOMAS PEREZ

**No. 7609.**—Invoice dated Havana, Cuba, August 1943.
    Certified August 1943.
    Entered at New York, N. Y., September 20, 1943.
    Entry No. 708550.

(Decided July 20, 1948)

*Paul P. Rao,* Assistant Attorney General (*Daniel I. Auster* and *Samuel D. Spector,* special attorneys), for the plaintiff.
No appearance by defendant.

CLINE, Judge: This is a collector's appeal for reappraisement of certain hard candy and chocolate tablets imported from Cuba on

May 31, 1943. The hard candy was invoiced at 15 cents per pound and entered and appraised at 15 cents per pound plus 2¾ per centum tax. The chocolate tablets were invoiced at 16 cents per pound and entered and appraised at 12 cents per tablet plus 2¾ per centum tax.

When this case was first called for trial the parties agreed that it should be suspended under reappraisement No. 154039–A, which involved hard candy and chocolate bars exported from Cuba by the same exporter as herein and at about the same time. At a subsequent hearing there was no appearance on the part of the defendant and counsel for the Government stated:

Your Honor, this defendant hasn't appeared on several occasions.

Prior to this time I believe he was in the Army. We communicated with the Commanding Officer, and kept on continuing this case until after he was out of the Army.

I see a new address on this case, apparently. I have been informed by Mr. Carey that he had been around here at one time, and they got this new address from him.

In view of the circumstances I believe we ought to submit the case this morning. There is no evidence we have, other than the incorporation of the record under which this case has been suspended originally.

I formally move the incorporation of the record in Reappraisement 154039–A, and submit the case.

In the incorporated case, the hard candy was invoiced and entered at 15 cents per pound and appraised at 21 cents per pound except in one instance where it was appraised at 18 cents per pound. The chocolate was invoiced and entered at 16 cents per package of two bars of chocolate and appraised at 26 cents per package in some instances and at 28 cents per package in other instances. The trial court held that the export value was the proper basis for appraisement of the merchandise and that such values were the entered values. *Louis Victor et al.* v. *United States,* 18 Cust. Ct. 292, Reap. Dec. 6753. This decision was affirmed on appeal. *United States* v. *Louis Victor et al. Louis Victor et al.* v. *United States,* 20 Cust. Ct. 362, Reap. Dec. 7522.

Since the entered and appraised values in the instant case are higher than the entered and final appraised values in the incorporated case and since there is nothing in the record to overcome the presumption of correctness attaching to the appraiser's valuation, I hold that the export value as that value is defined in section 402 (d) of the Tariff Act of 1930 is the proper basis for the determination of the value of the merchandise here involved and that such values are the appraised values.

Judgment will be rendered accordingly.