MUTUAL SUPPLY CO. *v.* UNITED STATES

No. 8104.—

Entry Nos. 2810; 3358; 2381.

Second Division, Appellate Term

(Decided March 31, 1952)

*Lawrence, Tuttle & Harper* (*George R. Tuttle* of counsel) for the appellant.

*Charles J. Wagner,* Acting Assistant Attorney General (*Samuel D. Spector,* special attorney), for the appellee.

Before FORD, OLIVER, and EKWALL, Judges

FORD, Judge: This application for a review of the decision and judgment of the trial court was filed under the provisions of title 28 U. S. C., section 2636 (a). When this case was originally before the second division of this court, *United States* v. *Mutual Supply Co.,* 20 Cust. Ct. 418, Reap. Dec. 7578, it involved the question of whether or not these clams should be appraised on the basis of the American selling price under section 402 (g) of the Tariff Act of 1930. In the above decision it was held that the proper basis for appraisement of the instant merchandise was the American selling price, and our judgment was affirmed by the Court of Customs and Patent Appeals, *Mutual Supply Co.* v. *United States,* 38 C. C. P. A. (Customs) 44, C. A. D. 437. The case was thereafter returned to the trial court for the purpose of considering and weighing the evidence with a view to arriving at the correct American selling price for the imported clams.

In its assignment of errors, appellant alleges the trial court erred as follows:

In holding that as to the 4½-ounce cans of hokkigai clams "the burden of proof of establishing the American selling price applicable to the imported merchandise was not upon the defendant."

In dismissing the appeals with respect to the 4½-ounce cans of imported hokkigai clams and in failing to reappraise the merchandise upon the basis of stipulated export value as defined in section 402, Tariff Act of 1930.

The involved clams were packed in cans, one containing 9 ounces and the other containing 4½ ounces. As to the clams packed in the 9-ounce cans, the trial court held that the correct American selling price, as defined in section 402 (g) of the Tariff Act of 1930, was the appraised value.

The appellant has filed no assignment of errors in the decision and judgment of the trial court with respect to the clams packed in 9-ounce cans, and we therefore need give no further consideration to that phase of this case.

With respect to the clams packed in 4½-ounce cans, the trial court made the following findings:

That with respect to the 4½-ounce cans of imported hokkigai clams, the appraisement thereof was based upon a material error of fact, and was erroneous.

That there is no evidence in the record or adduced at the hearings upon which the price, including the cost of all containers and coverings of whatever nature and all other costs, charges, and expenses incident to placing the merchandise in condition packed ready for delivery at which whole butter clams handled by Guy P. Halferty & Co. of Seattle, Wash., packed in 4½-ounce cans were freely offered for sale for domestic consumption to all purchasers in the principal market of the United States, in the ordinary course of trade and in the usual wholesale quantities in such market, or the price that the manufacturer, producer, or owner would have received or was willing to receive for such merchandise when sold for domestic consumption in the ordinary course of trade and in the usual wholesale quantities, can be determined.

It is apparent to us that the above-quoted findings by the trial court are in error for reasons which will presently be stated. In connection with this phase of the case, the following is quoted from the decision of the trial court:

With respect to the contention as to the imported 4½-ounce cans of hokkigai clams, the examiner in the appraiser's office who passed upon the merchandise in question, and whose return of value was adopted by the appraiser, testified that he based his return of value upon the basis of the American selling price of a whole butter clam packed by Guy P. Halferty & Co. in 4½-ounce cans offered and sold in San Francisco at or about the time of exportation of the involved merchandise. As has been stated before, a stipulation entered into between the parties and placed in the record establishes that at or about such time Guy P. Halferty & Co. did not sell or offer for sale "any 4½ ounce or 5 ounce tins containing whole butter clams."

The only evidence in this record to the effect that the appraiser based his return of value upon the basis of the American selling price of a whole butter clam packed by Guy P. Halferty & Co. in 4½-ounce cans offered and sold in San Francisco at or about the time of exportation of the involved merchandise, is the testimony of the examiner, as stated by the trial court. The appraiser, whose finding of value is presumptively correct, was not called to testify, and there is no

agreement of counsel that the return of value made by the examiner was adopted by the appraiser.

It is well settled that the testimony of the examiner in this case can be given no evidentiary value in determining whether or not the appraiser adopted the findings of the examiner as to the involved merchandise, as appears from the following quotation from *Florea & Co.*, v. *United States*, 23 Cust. Ct. 326, Reap. Dec. 7761:

> The customs examiner, who examined and inspected the importation in question, was called as a witness by plaintiff to testify concerning certain elements essential to a proper appraisement. Such testimony from this customs official has no evidentiary value in this proceeding. The action of a customs examiner is purely advisory; it is in no way binding upon the appraiser. An examiner's official duty is to make recommendations of dutiable values, but the appraiser is not bound by such recommendations. The examiner does not appraise the merchandise; that is the function of the appraiser. *United States* v. *Eurasia Import Co., Inc.*, 33 C. C. P. A. 123, C. A. D. 326. See also *James Loudon & Co., for Wm. H. Floyd & Co.* v. *United States*, 9 Cust. Ct. 635, Reap. Dec. 5731. It follows from the cited authorities that whatever attitude the customs examiner had in making his advisory return of the wool knit gloves in question, it has no influence toward a determination of the present issue. The appraiser found the value that plaintiff disputes, and such value carries a statutory presumption of correctness, section 501, *supra*, which cannot be disturbed by testimony of the customs examiner. * * *

In view of the fact that this record is barren of any evidence to show that the appraiser adopted the return made by the examiner as his appraisal of the merchandise, and there being no agreement of counsel that the return of value made by the examiner was in fact adopted by the appraiser, we must hold, following the above authorities, that the presumptively correct appraisement has not been overcome, and must therefore be accepted as the correct dutiable value of the involved merchandise. This being true, it follows that the trial court was in error in dismissing said appeals, and in finding "That with respect to the 4½-ounce cans of imported hokkigai clams, the appraisement thereof was based upon a material error of fact, and was erroneous."

While it is true that the same net result is accomplished by dismissing the appeals as is accomplished by holding that the presumptively correct appraisement has not been overcome, and must therefore be accepted as the correct dutiable value of the merchandise, yet this fact does not cure the error committed by the trial court in holding that the appraisement was based upon a material error of fact, and was therefore erroneous.

Based upon a consideration of the record before us, we find as facts:

1. That the imported merchandise here involved consists of hokkigai canned clams.

2. That the imported canned clams were exported from Japan and entered at the port of San Francisco during the years 1937, 1938, and 1939.

3. That these canned clams were appraised on the basis of the American selling price, as provided in section 402 (g) of the Tariff Act of 1930.

We conclude as matter of law that the evidence in this record is not sufficient to overcome the presumptively correct values found for these clams by the appraiser. The decision of the trial court is modified accordingly. Judgment will be rendered accordingly.