(A.R.D. 240)

General Wool Co., Inc., et al. v. United States

Entry No. 10113, etc.

Second Division, Appellate Term

(Decided May 16, 1968)

*Behrstock & Rudnick* (*Ben H. Rudnick* of counsel) ; *Stein & Shostak* (*Majorie M. Shostak* of counsel), associate counsel ; for the appellants.
*Edwin L. Weisl, Jr.*, Assistant Attorney General (*Bernard J. Babb*, trial attorney), for the appellee.

Before FORD, RICHARDSON, and LANDIS, Judges

LANDIS, Judge: This case is before us on an application to review the decision of the trial judge as to the dutiable value, under section 402 of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, T.D. 49646, of wool rag rugs exported from Japan between April 27, 1950, and April 18, 1952. *General Wool Co., Inc., et al.* v. *United States*, 56 Cust. Ct. 730, R.D. 11177.

The decision covered 23 appeals for reappraisement, consolidated for trial, contesting the statutory export value basis at which the wool rag rugs were appraised under section 402(d), and claiming cost of production, under section 402(f), as the proper basis for valuation.

There is no question here and no error is raised with the finding below that, as a matter of fact, there was no foreign, export, or United

States basis, as defined in section 402, as amended. Each of those bases, in the order stated and when established, is a more preferred basis than cost of production for valuing merchandise under amended section 402.

What appellants (plaintiffs below) ask us to review is the additional finding of the trial judges that the evidence was insufficient to establish cost of production as the correct basis of appraisement, and his conclusion affirming the appraised export values, as a matter of law, on the ground that the proofs were inadequate to establish the claimed cost of production values. While we can agree with appellants that where there is no foreign, export, or United States basis for valuation, as the trial judge found, cost of production is the proper basis of appraisement, this does not change the meat of the decision below holding that the evidence was inadequate to prove cost of production values. Statutory basis and value on that basis are, in this respect, like two sides of the same coin. Both must be established when issue is raised as to the basis of appraisement. *United States* v. *Berben Corporation*, 49 Cust. Ct. 497, A.R.D. 147; *Gerhard & Hey Co., Inc. (Art Book Publications, Inc.)* v. *United States*, 20 Cust. Ct. 431, Reap. Dec. 7580.

Appellants, nevertheless, allege that the proofs of cost of production values are adequate; that the trial judge erred in finding they were not; in denying a motion for rehearing in order to perfect the proofs as to cost of production values, and in sustaining the appraised export values on a nonexistent export value basis.

We summarily dismiss the alleged error committed in denying the motion for rehearing, and the alleged legal error sustaining the appraised export values. "The law is well settled that there can be no appeal from an order granting or rejecting an application for a rehearing," *Waller-Muller Co.* v. *United States*, 21 CCPA 318, T.D. 46833, unless there has been an abuse of discretion. *United States* v. *International Graphite & Electrode Corp.*, 25 CCPA 74, T.D. 49066. No such abuse is alleged, and we find none. We do not substitute our discretion for the discretion of a colleague who took the action of which appellants complain, *United States* v. *A. N. Deringer, Inc.*, 42 Cust. Ct. 711, 717, A.R.D. 102. Especially so, when we note that these are very old appeals, of long standing in this court, the earliest appeal being filed in 1954, with trial counsel, the same as on the briefs, retained in 1955, and trial delayed, for whatever reason, until 1964. It is equally well established that an appraisement, however erroneous, must stand in the absence of proof of the correct dutiable value. *Kobe Import Co.* v. *United States*, 42 CCPA 194, 198, C.A.D. 593, cited in the decision below.

Before getting into the only assigned error of any merit, that is, the weight and probative value of the proofs as to what it cost to pro-

duce the wool rag rugs, it will help to understand the background of the import transactions in these appeals, as painted in the testimony of David Flitterman, and the affidavit of Harry Flitterman (exhibit 1 with attached subexhibits 1 through 11), which constitute the sole record.

These wool rag rugs were manufactured and produced in Japan by three different firms, each succeeding the other, and taking over the contract of its predecessor. The first contract between Hatsushiba Orimono Kogyo Kyodo Kumiai of Osaka Prefecture, Japan (hereinafter Hatsushiba), and General Wool Company, Inc., of El Monte, California (hereinafter General Wool, Calif.), was negotiated sometime in 1949. Under it General Wool, Calif., called the owner, agreed to deliver 600,000 pounds of wool rags to Hatsushiba for processing in Japan into wool rag rugs. The value of the delivered rags, United States dollars, per pound, net, was set at $0.1625 (all figures hereinafter recited are United States dollars). The value of the processed wool rag rugs, when exported to the United States, was set at $0.1475 per square foot. In consideration (i.e. payment) for all this, General Wool, Calif., agreed to deliver to Hatsushiba 300,000 pounds of wool rags, valued at $0.1625 per pound, net. Although not part of the contract, Harry Flitterman recites in his affidavit that it was understood that it would take 0.6 of a pound of wool rag material to make 1 square foot of rug; that 0.3 of a pound of rag material was an acceptable charge for processing 1 square foot of rug, adding up to 0.9 of a pound of rag material necessary to fabricate 1 square foot of rug. The arrangement was of short duration. There were various differences and, in April 1950, Hatsushiba consented that its contract be taken over by a newly formed company, General Wool Company, Inc., Japan Branch (hereinafter General Wool, Japan), managed or otherwise supervised by Harry Flitterman. Only one shipment from Hatsushiba, covered by reappraisement No. 247704–A, is involved in these consolidated appeals.

General Wool, Japan, continued operations under the terms of the Hatsushiba contract until the end of 1950. On January 1, 1951, a new contract was negotiated between General Wool, Japan, and General Wool, Calif., with substantially the same terms as the Hatsushiba contract, except that a new value was set for processed wool rag rugs, when exported to the United States, of $0.24⅜ cents per square foot, f.o.b. Kobe. It was also decided that 0.7 of a pound of wool rag material was necessary to process 1 square foot of rug and that the processing charge should be computed at 0.8 of a pound of rag material per square foot of rug valued at $0.1625 per pound, net, making 1.5 of a pound of material necessary to fabricate 1 square foot of rug. These changes, in the amount of material necessary to fabricate 1

square foot of rug, were also retroactively applied to a portion of the wool rag rugs processed by General Wool, Japan, under the original Hatsushiba contract. The General Wool relationships lasted until April 1951, when a new company called International Products, Inc., Japan Branch, was formed to process the rags into rugs, and take over the contract of General Wool, Japan. The exports from General Wool, Japan, cover the period from May 1950, to June 6, 1951, in eight of these consolidated appeals.

The balance of these appeals, 14 in all, cover exports from International Products, Inc., Japan, pursuant to the old General Wool, Japan, contract, as amended and extended, under substantially the same terms.

The official papers reflect the following invoiced and appraised values for the relevant export periods:

| Export period | Invoiced value | Appraised value |
|---|---|---|
| April 27, 1950, to September 29, 1950 | $0.14¾ | $0.33 |
| November 16, 1950, to January 6, 1951 | $0.14¾ | $0.35 |
| May 6, 1951, to April 18, 1952 | $0.24⅜ | $0.395 |

All prices are per square foot, net packed. [56 Cust. Ct., page 731.]

In advance of trial, appellants (plaintiffs below) filed their rule 15(d) statement as required by court rule intended to make plain and more certain the issues in reappraisement cases. There appellants claimed cost of production to be the proper basis (as opposed to the appraised export basis) of valuation, and stated that the cost of production values were the invoice unit values, 14¾ cents per square foot for wool rag rugs entered from June 1, 1950, through January 31, 1951, and 24⅜ cents per square foot for those entered between February 1, 1951, and June 30, 1952. Alternatively appellants claimed 24⅜ cents per square foot was what it cost to produce those wool rag rugs processed by General Wool, Japan, at that price retroactively applied to rugs processed under the Hatsushiba contract. The above are the same cost of production values appellants argued for and asked the trial judge to find in their briefs filed with the court below.

Appellants now, and for the first time on appeal, present and argue an entirely new set of claimed cost of production values as follows:

Shipments exported 4–27–50 through 9–29–50____ $0.21831
Shipments exported 11–16–50 through 12–2–51____ $0.25278
Shipments exported 1–13–52 through 4–18–52____ $0.25708
[Appellants' brief, page 26.]

We find no particular merit in reversing a decision for failing to find values, which appellants argued for below, but which appellants

no longer believe in or claim. For, it seems obvious to us that, to this extent, no error was committed below. See *F. C. Gerlach & Sons, Inc.* v. *United States*, 60 Cust. Ct. 733, R.D. 11462, in which we held that compliance with rule 15(d) was not onerous to plaintiff and was ground enough to dismiss all claims not within the plain language of the statement filed. Frankly, we do not look with favor on an appeal asking us to consider claimed values which were not before the court below. *United States* v. *Louis Victor et al.*, 20 Cust. Ct. 362, 365, Reap. Dec. 7522 (review). What appellants are in essence saying is that no matter what values are claimed on trial and in briefs, or how the issues are drawn and the record is made, it is the duty of the trial judge to determine the *correct* dutiable value of merchandise. It is often said that the burden of plaintiff in a reappraisement case is onerous. But the burden of the court in a reappraisement case, as the record in this case illustrates, can be no less onerous.

It is not the duty of a trial judge to search the record for values outside the four corners of what the parties claim and the issues that are shaped on trial. The statutory mandate, 28 U.S.C., section 2631, does not demand it, and indeed, proscribes a situation where the claimed dutiable value is not proved. 28 U.S.C., section 2633, *Kenneth Kittleson* v. *United States*, 40 CCPA 85, 89, C.A.D. 502.

It is enough to affirm the decision below that appellants have, on this appeal, in effect abandoned the dutiable values claimed on trial. This, notwithstanding, we have reviewed exhibit 1 and attached subexhibits 10 and 11, relied on by appellants as establishing cost of production values. The trial judge did no less. We subscribe to what the trial judge said in his decision as to their weight and probative value. We would add that it may be all right for appellants to interpolate values and convert the foreign currency cost figures in subexhibits 10 and 11 at unsupported rates of exchange, to arrive at United States dollar cost of production values. The court cannot. *United States* v. *Malhame & Co.*, 19 CCPA 164, T.D. 45276.

We adopt and incorporate by reference here the findings of fact below, 1 through 5. We further find that the proofs are insufficient to establish the cost of production values claimed on trial below. The conclusions and decision of the court below are affirmed.

Judgment will enter accordingly.