We affirm the findings of fact and conclusions of law of the trial judge, which we incorporate by reference. Judgment will be entered accordingly.

(A.R.D. 246)

THE A. W. FENTON CO., INC. *v.* UNITED STATES

Entry No. 5057, etc.

First Division, Appellate Term

(Decided October 28, 1968)

*Barnes, Richardson & Colburn* for the appellant.
*Edwin L. Weisl, Jr.,* Assistant Attorney General, for the appellee.

Before WATSON, MALETZ, and NEWMAN, Judges

WATSON, Judge: This application for review of the decision and judgment heretofore rendered by Judge Frederick Landis (R.D. 11556), having been formally abandoned, the same is hereby dismissed.

(A.R.D. 247)

MILLMASTER INTERNATIONAL, INC., ET AL. *v.* UNITED STATES

614

Entry No. 69963, etc.

Second Division, Appellate Term

(Decided November 21, 1968)

*Barnes, Richardson & Colburn* (*Hadley S. King, James F. Donnelly* and *Norman·O. Schwartz* of counsel) for the appellants.

*Edwin L. Weisl, Jr.*, Assistant Attorney General (*Harold L. Grossman*, trial attorney), for the appellee.

Before RAO and FORD, Judges

RAO, Chief Judge: The merchandise involved in this application for review consists of thiourea, an industrial chemical, exported from West Germany in 1961 and 1962, by a manufacturer-exporter referred to hereinafter by its abbreviated name "Degussa". Thiourea is specified on the final list published by the Secretary of the Treasury in 93 Treas. Dec. 14, T.D. 54521, as required by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165, and the imported merchandise was appraised on the basis of foreign value, as defined in section 402a(c) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, 74 Treas. Dec. 17, T.D. 49646, at 3.25 deutsche marks per kilo, net, packed.

In plaintiffs' statement under Rule 15(d) of the Rules of the United States Customs Court and in the brief filed before the trial judge, plaintiffs claimed that the proper statutory basis of value was United States value, as defined in section 402a(e) of said tariff act, as amended, and that said values were represented by stated unit values. These values are set forth in exhibit 3, a computation of United States value on the basis of United States selling price, less inland freight, ocean freight, marine insurance, general expenses (including operating expenses, freight and storage), profit, and duty.

The trial court held in *Millmaster International, Inc., et al.* v. *United States*, 58 Cust. Ct. 711, R.D. 11304, that there was no foreign or

export value for the merchandise, but that plaintiffs had failed to establish the claimed United States values. Therefore, the appraised values, although erroneous, were sustained.

On the question of the existence of foreign value, the trial court found that the evidence established *prima facie* that neither Degussa nor the only other producer of thiourea in West Germany, referred to as "Trostberg", freely offered or sold thiourea for home consumption during the pertinent period. As to export value, the trial judge held that Millmaster was an exclusive United States purchaser from Degussa and that Trostberg did not sell to United States purchasers on a regular commercial basis.

The trial court held that the proof of United States value was insufficient on the ground that it was based upon belief, approximations, estimates, and probabilities, showing that general expenses and profit were derived by a method of calculation based upon an approximate percentage of total sales or operations of five or six products sold by plaintiffs, no books being kept separately for thiourea.

Subsequent to the decision, plaintiffs applied for a rehearing and requested that the case be restored to the calendar for all purposes. In the motion papers plaintiffs stated they were willing to waive and forgo any claim for deductions of the items described in exhibit 3 under the headings "General Expenses: Operating" and "Profit". This motion was denied on July 11, 1967.

In their application for review appellants (plaintiffs below) included in their assignment of errors the failure to find the United States values contended for by appellants, to wit, those set forth in exhibit 3; the finding that appellants had not proved the statutory elements of general expenses and profit; and the denial of appellants' motion for a rehearing "notwithstanding appellants' express offer to waive their claim for deduction of 'general expenses: operating' and 'profit' in the computation of statutory United States value." In their brief appellants argue at length that the record contains substantial and complete evidence to support the claimed United States values set forth in exhibit 3. As alternatives it is urged that United States value be found without the said deductions for general expenses and profit, or that the case be remanded to the trial court for additional evidence on the elements of general expenses and profit.

At the oral argument, counsel for the appellants stated, "we waive any allowance for overhead or any allowance for profit in any amount" and limited the case to a question of law as to whether United States value might be found on the basis of said "waiver" at the United States selling price less ocean freight, transportation charges, insurance, and duty. Two appeals where duty was paid on a different basis than was paid at New York were abandoned, R63/6040 and R63/6041.

The Government's position is that the "waiver" is too late, never having been a part of the case as tried, briefed, and decided below and that the statute directs how United States value must be determined and that its provisions may not be unilaterally waived. It also contends that appellants have failed to establish the nonexistence of a foreign and/or export value for similar merchandise, the thiourea produced by Trostberg, and that appellee may make this contention even though no cross-application for review was filed..

The only contention now urged by appellants is that the claim for deductions for general expenses and profits heretofore made has been waived and that United States value should be determined in the instant case without such deductions.

At the outset we are confronted by the question of whether there has been a proper and timely waiver and whether it may be considered by the appellate court under the circumstances of this case. We will assume, *arguendo*, that in a proper case allowances or deductions for general expenses and profits provided for in section 402a(e), *supra*, may be waived. *E. R. Squibb & Sons et al.* v. *United States*, 28 Cust. Ct. 560, Reap. Dec. 8094, affirmed in *United States* v. *E. R. Squibb & Sons et al.*, 31 Cust. Ct. 445, A.R.D. 29, affirmed in *Same* v. *Same*, 42 CCPA 23, C.A.D. 564.

In the *Squibb* case, the waiver was made before the trial court and was agreed to by the Government, neither of which facts is present here. In the instant case appellants originally claimed United States value based on United States selling prices less various deductions including those for certain general expenses and profit. The attempts to waive first appeared in plaintiffs' motion for a rehearing where plaintiffs stated they were "willing to waive and forgo any claim for deductions." In a letter to counsel for the Government, a copy of which is attached to the motion papers, it is stated:

If your office agrees with the Court's holding that neigher [sic] foreign value nor export value exists for such or similar merchandise, we are willing to settle the case by entering into a stipulation under United States value, Section 402a(e) and waiving any claim to the disputed elements of "General Expenses: Operating" and "Profit" as set forth in Plaintiffs' Exhibit 3.

In their assignment of errors appellants referred to their *offer* to waive in the motion for rehearing, and in the brief filed on application for review, appellants continued to claim the values originally contended for, and argued for United States values without deductions for general expenses and profit only as an alternative. It was not until oral argument that appellants stood unequivocally on the latter.

Clearly there was no waiver at the time of the motion for rehearing, since plaintiffs stated only that they were willing to waive or to settle

the case if the Government agreed, which it did not. There was no waiver at the time of the application for review or the filing of appellants' brief, since appellants were still claiming the full deductions and the so-called waiver was merely an alternative claim. While a waiver may arise where a party's conduct is inconsistent with any other intention than to waive (28 Am. Juris. 2nd, Estoppel and Waiver, sec. 160; 92 C.J.S. 1061), conversely, there can be no waiver where it is not distinctly made and other inconsistent claims are relied on. In the instant case appellants' intention to relinquish their rights, if any, under the United States value statute appeared only on the oral argument and in the subsequent memorandum.

One of the essential elements of a waiver is the existence at the time of the waiver of a right, advantage or benefit. "Waiver" implies a choice to dispense with something of value or to forgo some advantage which a party might at his option have demanded or insisted upon. 56 Am. Juris., Waiver, sec. 12. See also 92 C.J.S. 1046, defining waiver as "the intentional or voluntary relinquishment of a known legal right which is at the time available"; "a forgoing, giving up, or renouncement of some benefit or advantage, which, but for such waiver, the party would have enjoyed."

In the instant case, since appellants have failed to prove the amount of allowable deductions for general expenses and profit, there is no existent right to such deductions for them to relinquish. What they have is a right to have this court review the action of the trial judge and affirm, reverse, or modify his decision or remand the case to him for further proceedings. This they have not waived, but are urging us to find a different value than that contended for below, on grounds not presented to the trial court, and on a position which has been taken only because of the adverse decision of the trial court.

Appellate tribunals, including the appellate term of this court, do not look with favor on attempts to have them pass upon claims not presented at the trial. Such claims have been held not before the appellate court. *United States* v. *American Express Co. (H. Zuckerman Shoe Mfg. Co.)*, Reap. Circ. 2816; *United States* v. *Globe Shipping Co., Inc. (Mason Parker Mfg. Co.)*, et al., 2 Cust. Ct. 854, Reap. Dec. 4527; *United States* v. *Louis Victor et al.*, 20 Cust. Ct. 362, Reap. Dec. 7522; *United States* v. *Perry Ryer & Co.*, 41 CCPA 18, C.A.D. 524; *Anderson Organization* v. *United States*, 46 CCPA 47, C.A.D. 694; *General Wool Co., Inc., et al.* v. *United States*, 60 Cust. Ct. 970, A.R.D. 240.

In the case last cited, appellants had in advance of trial filed their rule 15(d) statement claiming cost of production to be the proper basis of valuation and stating that such values were the invoice unit

values, 14¾ cents per square foot or 24⅜ cents per square foot. On appeal, appellants claimed values ranging from $0.21831 to $0.25708. In the course of its opinion, the Appellate Term stated:

Appellants now, and for the first time on appeal, present and argue an entirely new set of claimed cost of production values. * * *

\* \* \* \* \* \* \*

We find no particular merit in reversing a decision for failing to find values, which appellants argued for below, but which appellants no longer believe in or claim. For, it seems obvious to us that, to this extent, no error was committed below. See *F. C. Gerlach & Sons, Inc.* v. *United States*, 60 Cust. Ct. 733, R.D. 11462, in which we held that compliance with rule 15(d) was not onerous to plaintiff and was ground enough to dismiss all claims not within the plain language of the statement filed. Frankly, we do not look with favor on an appeal asking us to consider claimed values which were not before the court below. *United States* v. *Louis Victor et al.*, 20 Cust. Ct. 362, 365, Reap. Dec. 7522 (review). What appellants are in essence saying is that no matter what values are claimed on trial and in briefs, or how the issues are drawn and the record is made, it is the duty of the trial judge to determine the *correct* dutiable value of merchandise. It is often said that the burden of plaintiff in a reappraisement case is onerous. But the burden of the court in a reappraisement case, as the record in this case illustrates, can be no less onerous.

It is not the duty of a trial judge to search the record for values outside the four corners of what the parties claim and the issues that are shaped on trial. The statutory mandate, 28 U.S.C., section 2631, does not demand it, and indeed, proscribes a situation where the claimed dutiable value is not proved. 28 U.S.C., section 2633, *Kenneth Kittleson* v. *United States*, 40 CCPA 85, 89, C.A.D. 502.

It is enough to affirm the decision below that appellants have, on this appeal, in effect abandoned the dutiable values claimed on trial. * * *

The appellants in the instant case are in much the same position, namely, they are claiming a new set of United States value figures and have abandoned the dutiable values claimed on trial. No error was committed by the trial court in the findings of fact and conclusions of law it reached on the record presented to it. Such findings of fact and conclusions of law are incorporated herein by reference.

The decision and judgment of the trial court as to the 60 appeals for reappraisement listed in schedule A, attached hereto, are affirmed except as to R63/6040 and R63/6041, which appeals, having been abandoned, are dismissed. Judgment will be entered accordingly.