## UNITED STATES *v.* STEPHEN RUG MILLS

**No. 6283.**—Invoices dated Courtrai, Belgium, July 7, 1938, etc.
Entered at New York, N. Y., July 22, 1938, etc.
Entry No. 707594, etc.

### Third Division, Appellate Term

(Decided June 5, 1946)

*Paul P. Rao*, Assistant Attorney General (*Samuel D. Spector*, special attorney), for the appellant.

*Benjamin A. Levett* (*Benjamin A. Levett* and *Meyer Ohlbaum* of counsel); *Tompkins & Tompkins* (*J. Stuart Tompkins* of counsel) associate counsel, for the appellee.

Before CLINE, KEEFE, and EKWALL, Judges

EKWALL, Judge: This is an application for review of the decision and judgment of the trial court reported as Reap. Dec. 6227, holding that the proper value of certain Belgian cotton and jute rugs was the export value as defined in section 402 (d) of the Tariff Act of 1930, and that such value was the value as entered. The appraiser had found the foreign value of these rugs to be the proper basis for appraisement. In three of the five reappraisements involved the appraiser added a tax of 2½ per centum.

The Government claims that the foreign value, which value was adopted by the appraiser, represents the proper dutiable value.

The record in reappraisement No. 130622–A, etc., decided in Reap. Dec. 5863, decision affirmed by this division in Reap. Dec. 5989, was incorporated herein. It was there held that the evidence showed there was no foreign value for this or similar merchandise, and that such rugs at the time of exportation were freely offered for sale and sold in the principal markets of Belgium, to all purchasers in the ordinary course of trade, in the usual wholesale quantities of 5,000 to 50,000 square meters or units, for exportation to the United States, at the entered values thereof.

The Government claims that the foreign value, which value was adopted by the appraiser, represents the proper dutiable value. It is

conceded in the incorporated record that the tax of 2½ per centum is not applicable to export value.

In the incorporated case, the importer introduced the testimony of two witnesses, Mr. James L. Marcus, the head of the import division of Stephen Rug Mills, appellee herein, and Mr. Milton Linn, president of Weil Brothers Textiles, Inc. Both of these witnesses were well qualified by long experience in the business of buying and handling rugs of this type to testify on the question of similarity of the imported rugs and those sold in the home market for home consumption. On the basis of this long experience, it was their opinion that there was a distinct difference in the construction of the two types; that they differed to such an extent that the imported rugs were not salable in the Belgian market, due, in most part, to their composition, the rugs in suit having more jute and less cotton and the cotton content not being as fine a grade, resulting in a finished article that would not last as long and would have to be cleaned oftener. Mr. Linn's testimony corroborated that of Mr. Marcus in all respects.

The only evidence introduced on behalf of the Government in the incorporated case consisted of reports of Treasury Representative Charles Schlager. The single judge and this division found that these reports were not sufficient to overcome or contradict the testimony of the importer's witnesses.

The dates of exportation of the merchandise in the incorporated case covered a period from July 1938 through October 1938. In the cases now before us one shipment, reappraisement No. 131005–A, falls within that period; three shipments were made at an earlier period, viz, reappraisements Nos. 131012–A, 131011–A, and 131010–A; while in one, reappraisement No. 131009–A, exportation took place January 14, 1939.

In the cases now before the court the importer again called Mr Marcus. The Government introduced the testimony of Treasury Representative Schlager and also three reports made by him.

The court below in an able opinion considered and discussed the additional documentary evidence and also the oral testimony and arrived at the conclusion that such additional evidence was not sufficient to change the conclusions arrived at in the earlier decision, both as to the reappraisement affected by the Customs Administrative Act of 1938 and those in which the merchandise was exported prior to the effective date of that act. A review of the evidence, including that produced in the incorporated case, demonstrates that there was substantial evidence to support the holding of the single judge, and that he committed no error in according more weight to the combined testimony of the witnesses Marcus and Linn than to the testimony of the single witness produced on the part of the Government. He had

the benefit of observing the witnesses and their demeanor on the stand and his findings should not be reversed unless clearly contrary to the weight of the evidence.

In view of the fact that the judge below has so fully covered the points involved, we consider it unnecessary to lengthen this opinion by a further discussion of the evidence. Suffice it to say that we are in full accord with the decision of the single judge in his holding that:

(1) There was no foreign value for such or similar rugs, as such value is defined in section 402 (c) of the Tariff Act of 1930, and that the export value as defined in section 402 (d) is the proper basis of appraisement;

(2) That such export value is represented by the entered values herein; and

(3) That such findings apply to the rugs imported both prior to and subsequent to the effective date of the Customs Administrative Act of 1938.

We therefore find and so hold that the decision below should be and the same hereby is affirmed.

Judgment will be rendered accordingly.