(Reap. Dec. 8826)

VANDEGRIFT FORWARDING CO., INC. *v.* UNITED STATES

Entry Nos. 918177; 719067; 767866.

(Decided June 12, 1957)

*Jordan & Klingaman (Jacob L. Klingaman* of counsel) for the plaintiff.
*George Cochran Doub,* Assistant Attorney General *(Samuel D. Spector,* trial attorney), for the defendant.

OLIVER, Chief Judge: These three appeals for reappraisement relate to several different metal articles that are identified on the in-

voice as compacts, combs, pill boxes, perfume flacons, and lipstick holders. All of the items were entered at the invoice unit prices, less 2 per centum cash discount, packed. Plaintiff claims that the proper basis for appraisement of the articles in question is export value, as defined in section 402 (d) of the Tariff Act of 1930, and that such statutory value is the entered value in each instance. Appraisement was made on the basis of foreign value, as defined in section 402 (c) of the Tariff Act of 1930, as amended, which the appraiser found to be the invoice unit prices, plus 33⅓ per centum, less 2 per centum cash discount, plus packing.

Plaintiff introduced the oral testimony of one witness, an employee of Artamount, Inc., the importer of the merchandise under consideration. The witness stated that he is "a buyer and import manager" for the importing corporation and that he purchased the items in question in Germany while he visited the foreign manufacturer's place of business. His testimony can be summarized as follows:

The importer herein was originally offered the foreign manufacturer's usual stock items that are made and sold for home consumption in the German market. That line of merchandise was rejected by the importer as being unsuitable for the American market. Following further negotiations between the foreign manufacturer and the importer, the merchandise in question was specially manufactured for exportation to this country. These imported articles are materially different from the comparable products that are sold in the German market for home consumption. They are inferior in quality and in workmanship, with a consequent substantial difference in prices. The German market articles are handmade, elaborately ornamented, and covered with a high grade China lacquer. The imported articles are machine made, with little or no ornamentation, and covered with ordinary black lacquer. The difference in prices between the two classes of merchandise is set forth in a "Statement," attached to the affidavit (plaintiff's collective exhibit 2), executed by the foreign manufacturer. Analysis thereof shows that the "Cost of material" is the same for both classes of articles and that the substantial difference lies in the "Cost of ornament and labor" for the two different kinds of merchandise. The total costs of the articles manufactured for home consumption in the foreign market are from 11 per centum to 32 per centum higher than the aggregate costs of the imported articles under consideration. The statement (defendant's exhibit A) and the letter (defendant's exhibit B) from the foreign manufacturer include admissions to the effect that the merchandise, specially made for the importer herein, differs in designs and prices from the comparable products sold for home consumption in Germany

and that all sales by the German manufacturer are without restriction as to disposition and prices received by the purchaser.

The primary issue before me is whether the imported articles are "similar," within the statutory use of the term in section 402 of the Tariff Act of 1930, to the comparable merchandise that is sold for home consumption in the German market. While the question of similarity for appraisement purposes has been the subject of much customs litigation, there is no fixed rule to be followed in a determination thereof. The facts and circumstances of each individual case control its disposition.

In *United States* v. *Stephen Rug Mills*, 16 Cust. Ct. 369, Reap. Dec. 6283, certain cotton and jute rugs were held not to be similar to comparable rugs sold for home consumption in the Belgian market. The conclusion was based on a finding that there was a distinct difference in the construction of the two types of rugs and that the imported rugs were not salable in the foreign market.

In *United States* v. *Vietor & Achelis*, 17 C. C. P. A. (Customs) 412, T. D. 43864, our appellate court held two types of ribbons to be dissimilar, the conclusion being based largely on the difference in value, approximately 20 per centum, between the two classes of merchandise.

In *United States* v. *Kraft Phenix Cheese Corp. et al.*, 26 C. C. P. A. (Customs) 224, C. A. D. 21, two kinds of Roquefort cheese, although used for the same purpose, were held to be dissimilar, upon a showing that each kind was subjected to different treatment, resulting in varying properties.

Under the cited cases, the articles in question are not similar to the comparable products sold for home consumption in Germany. While it may be said that both classes of merchandise are used for the same purpose, plaintiff's uncontradicted evidence shows that the imported items were specially manufactured, according to details supplied by the importer, for the American market and that the inferior quality of this merchandise renders it unsalable in the foreign market. Furthermore, the substantial difference in prices between these articles and those sold for consumption in the German market reflects a condition of two separate and distinct types of merchandise.

Defendant's contention that the present merchandise was purchased in unusually large quantities and that, therefore, the importer received a special discount, is without merit. Mention of wholesale prices and a trade discount in the foreign manufacturer's letter (defendant's exhibit B, *supra*) has reference to merchandise sold for home consumption in the German market, which, for the reasons hereinabove set forth, is not such as, or similar to, the merchandise in question.

On the basis of the record before me, and for all of the reasons

hereinabove set forth, I hold that there is no foreign value, as such value is defined in section 402 (c), as amended, *supra*, for the compacts, combs, pill boxes, perfume flacons, and lipstick holders involved herein, that the proper basis for appraisement thereof is export value, as defined in section 402 (d), *supra*, and that such statutory value for these articles is the entered value of each of the items. Judgment will be rendered accordingly.