(A. R. D. 82)

UNITED STATES *v.* VANDEGRIFT FORWARDING CO., INC.

Entry Nos. 918177; 719067; 767866.

Second Division, Appellate Term

(Decided January 9, 1958)

*George Cochran Doub*, Assistant Attorney General (*Samuel D. Spector*, trial attorney), for the appellant.

*Jordan & Klingaman* (*Jacob L. Klingaman* of counsel) for the appellee.

Before LAWRENCE, RAO, and FORD, Judges

FORD, Judge: This application for review of the decision and judgment of the trial court was filed under the provisions of 28 U. S. C. (1946 ed. supp. III) § 2636 (a). The merchandise which forms the subject of this review consists of compacts, combs, pill boxes, perfume flacons, and lipstick holders. All of the merchandise was entered at the invoice unit prices, less 2 per centum cash discount, packed, apparently on the basis of export value. There is, of course, no presumption of correctness in favor of this entered value, and, if it is to be accepted as the dutiable value of this merchandise there must be evidence to establish it as such. It was appraised on the

865

basis of foreign value of similar merchandise at the unit prices, plus 33⅓ per centum, less 2 per centum cash discount, plus packing.

It is the contention of the appellant herein that the evidence is not sufficient to establish that the subject merchandise was not similar to the merchandise sold in the markets of Germany for home consumption, upon which the appraisement was based. It is our view that this contention is not well taken, as shown by an analysis of the evidence by the trial court.

The trial court correctly summarized the evidence in this case, as follows:

The importer herein was originally offered the foreign manufacturer's usual stock items that are made and sold for home consumption in the German market. That line of merchandise was rejected by the importer as being unsuitable for the American market. Following further negotiations between the foreign manufacturer and the importer, the merchandise in question was specially manufactured for exportation to this country. These imported articles are materially different from the comparable products that are sold in the German market for home consumption. They are inferior in quality and in workmanship, with a consequent substantial difference in prices. The German market articles are handmade, elaborately ornamented, and covered with a high grade China lacquer. The imported articles are machine made, with little or no ornamentation, and covered with ordinary black lacquer. The difference in prices between the two classes of merchandise is set forth in a "Statement," attached to the affidavit (plaintiff's collective exhibit 2), executed by the foreign manufacturer. Analysis thereof shows that the "Cost of material" is the same for both classes of articles and that the substantial difference lies in the "Cost of ornament and labor" for the two different kinds of merchandise. The total costs of the articles manufactured for home consumption in the foreign market are from 11 per centum to 32 per centum higher than the aggregate costs of the imported articles under consideration. The statement (defendant's exhibit A) and the letter (defendant's exhibit B) from the foreign manufacturer include admissions to the effect that the merchandise, specially made for the importer herein, differs in designs and prices from the comparable products sold for home consumption in Germany and that all sales by the German manufacturer are without restriction as to disposition and prices received by the purchaser.

As supporting its conclusion that the subject merchandise is not similar to that sold for home consumption in Germany, the trial court cited the cases of *United States* v. *Stephen Rug Mills*, 16 Cust. Ct. 369, Reap. Dec. 6283; *United States* v. *Vietor & Achelis*, 17 C. C. P. A. (Customs) 412, T. D. 43864; and *United States* v. *Kraft Phenix Cheese Corp. et al.*, 26 C. C. P. A. (Customs) 224, C. A. D. 21.

The above decisions, in our opinion, are apropos and decisive of the question here presented as to the similarity or dissimilarity of the involved merchandise. In the *Stephen Rug Mills* case, *supra*, certain cotton and jute rugs were held not to be similar to other rugs sold for home consumption in the Belgian market, based upon a finding that there was a distinct difference in the construction of the two types of rugs and that the imported rugs were not salable in the foreign market. In the *Vietor & Achelis* case, *supra*, two types of

ribbons were held to be dissimilar, the conclusion being based largely upon the difference in the values, approximately 20 per centum, between the two classes of ribbons. In the *Kraft Phenix Cheese Corp.* case, *supra*, two kinds of Roquefort cheese were held to be dissimilar, although used for the same purpose, based upon a finding that each kind of cheese was subjected to different treatment, which resulted in varying properties.

Upon a full consideration of this record, we find no error in the summation of the evidence by the trial court on the question of similarity or dissimilarity of the subject merchandise. However, it is observed that the trial court failed to set forth the facts and the reasons for the conclusion upon which its judgment was based, as provided in section 501 of the Tariff Act of 1930 (now 28 U. S. C., section 2635). The trial court concluded its opinion as follows:

* * * that the proper basis for appraisement thereof is export value, as defined in section 402 (d), *supra*, and that such statutory value for these articles is the entered value of each of the items. * * *

It is our view that the decision of the trial court falls within the pronouncements made by the Court of Customs and Patent Appeals in the case of *Florea & Co., Inc.* v. *United States*, 35 C. C. P. A. (Customs) 153, C. A. D. 387, as follows:

It is the duty of the trial court in cases of this character to *"render his decision in writing together with a statement of the reasons therefor and of the facts on which the decision is based."* [Italics by the Court of Customs and Patent Appeals.]

There is no statement of the facts in the trial court's decision and the only reason given for its conclusion is that the record failed to establish any value different from that found by the appraiser, which the court held to be the proper dutiable value.

On appeal, the appellate division of the Customs Court did not set forth the facts or the reasons for its decision, as required by section 501, *supra*, which requires that it set "forth the facts upon which the finding is based and the reasons therefor" but, on the contrary, held that after exhaustively reviewing the record and considering the arguments and briefs of the parties, it was of opinion that appellant failed to make a *prima facie* case and that it saw no reason for disturbing the finding of the trial court, and judgment was entered accordingly.

Neither the trial court nor the appellate division of the Customs Court complied, no doubt through inadvertence, with the provisions of section 501, *supra*, in that they did not set forth the facts and the reasons for their conclusions upon which their judgments were entered, as provided in section 501, *supra*. We are of opinion, therefore, that the judgment of the appellate division of the Customs Court should be reversed and the cause remanded for proceedings in accordance with the law pertaining to the involved issues. See *Downing & Co., et al.* v. *United States*, 15 Ct. Cust. Appls. 235, T. D. 42243.

To the end that the trial court may render a statement of the reasons for its finding that the proper basis for appraisement is export value and that the statutory value is the entered value of each of the items, and of the facts upon which the aforesaid finding is based, the

decision of the trial court is reversed, and the case is remanded to the trial court for compliance with the statute, in the light of the observations, hereinbefore set out, and for such other proceedings as to the trial court may appear proper to the end that justice may be done in this case. Judgment will be rendered accordingly.