(Reap. Dec. 9119)

VANDEGRIFT FORWARDING Co., INC. *v.* UNITED STATES

Entry Nos. 918177; 719067; 767866.

(Decided on remand [A. R. D. 82] April 9, 1958)

*Jordan & Klingaman (Jacob L. Klingaman* of counsel) for the plaintiff.

*George Cochran Doub,* Assistant Attorney General *(Samuel D. Spector,* trial attorney), for the defendant.

OLIVER, Chief Judge: These three appeals for reappraisement, which were consolidated at the time of trial, relate to several different metal articles exported from Mühlacker, Germany, during the months of June 1953, July 1953, and October 1953. The articles were appraised on the basis of foreign value, as defined in section 402 (c) of the Tariff Act of 1930, as amended, of similar merchandise, at the invoice unit prices, plus 33⅓ per centum, less 2 per centum cash discount, plus packing. Plaintiff claims that the proper basis for appraisement of the merchandise is export value, as defined in section 402 (d) of the Tariff Act of 1930, and that such statutory value is the entered value of each of the items involved herein.

The case has been the subject of my decision in *Vandegrift Forwarding Co., Inc.* v. *United States,* 38 Cust. Ct. 677, Reap. Dec. 8826, wherein I held that—

* * * there is no foreign value, as such value is defined in section 402 (c), as amended, *supra,* for the compacts, combs, pill boxes, perfume flacons, and lipstick

holders, involved herein, that the proper basis for appraisement thereof is export value, as defined in section 402 (d), *supra*, and that such statutory value for these articles is the entered value of each of the items. * * *

The case comes before me at this time on remand "To the end that the trial court may render a statement of the reasons for its finding that the proper basis for appraisement is export value and that the statutory value is the entered value of each of the items, and of the facts upon which the aforesaid finding is based," *United States* v. *Vandegrift Forwarding Co., Inc.*, 40 Cust. Ct. 865, A. R. D. 82.

The record herein consists of oral testimony and documentary evidence. Testimony was offered by one witness, who appeared on behalf of plaintiff. He was an employee of Artamount, Inc., the importer of the merchandise under consideration, and he purchased the items in question in Germany while he visited the foreign manufacturer's place of business. Plaintiff also introduced an affidavit with supporting statement relating to cost of production (plaintiff's collective exhibit 2). Documentary proof offered by defendant consists of a "Statement" from the foreign manufacturer (defendant's exhibit A) and two letters from the foreign manufacturer to the United States appraiser of merchandise at New York. One letter (not dated) relates to a shipment on July 31, 1953, to Abraham & Straus, Inc., of Brooklyn, N. Y., of a line of merchandise, such as that in question (defendant's exhibit B), and the other letter, dated May 11, 1954, mentions a rate of discount that is granted under certain conditions (defendant's exhibit C).

The primary question in this case is whether the imported merchandise is such as, or similar to, comparable products manufactured and sold for home consumption in the foreign market. The division on review affirmed my conclusion holding that the articles in question are not similar to the comparable products sold for home consumption in the German market. The division also approved my review of the record and stated that "The trial court correctly summarized the evidence in this case, as follows:"

The importer herein was originally offered the foreign manufacturer's usual stock items that are made and sold for home consumption in the German market. That line of merchandise was rejected by the importer as being unsuitable for the American market. Following further negotiations between the foreign manufacturer and the importer, the merchandise in question was specially manufactured for exportation to this country. These imported articles are materially different from the comparable products that are sold in the German market for home consumption. They are inferior in quality and in workmanship, with a consequent substantial difference in prices. The German market articles are handmade, elaborately ornamented, and covered with a high grade China lacquer. The imported articles are machine made, with little or no ornamentation, and covered with ordinary black lacquer. The difference in prices between the two classes of merchandise is set forth in a "Statement," attached to the affidavit

(plaintiff's collective exhibit 2), executed by the foreign manufacturer. Analysis thereof shows that the "Cost of material" is the same for both classes of articles and that the substantial difference lies in the "Cost of ornament and labor" for the two different kinds of merchandise. The total costs of the articles manufactured for home consumption in the foreign market are from 11 per centum to 32 per centum higher than the aggregate costs of the imported articles under consideration. The statement (defendant's exhibit A) and the letter (defendant's exhibit B) from the foreign manufacturer include admissions to the effect that the merchandise, specially made for the importer herein, differs in designs and prices from the comparable products sold for home consumption in Germany and that all sales by the German manufacturer are without restriction as to disposition and prices received by the purchaser.

In the light of the Appellate Division's affirmance of my conclusion on the matter of similarity and its acceptance of my outline of the record, as hereinabove set forth, I regard its decision, A. R. D. 82, *supra*, as a direction to set forth findings of fact and conclusions of law somewhat mechanically, such as is the general practice of a division of this court sitting in review of an appeal for reappraisement. Accordingly, I find as matter of fact, on the basis of the record before me and for the reasons stated herein as well as those set forth in my original decision, Reap. Dec. 8826, *supra*, as follows:

(1) That the merchandise in question consists of several different metal articles that are identified on the invoices as compacts, combs, pill boxes, perfume flacons, and lipstick holders.

(2) That merchandise such as, or similar to, that involved herein was not offered for sale, or sold, at the time of exportation of the shipments under consideration, for home consumption in the German market.

(3) That merchandise, such as the articles in question, was, at the time of exportation of the shipments involved herein, freely offered for sale, and sold, in the ordinary course of trade, to all purchasers in the principal market of Mühlacker, Germany, in wholesale quantities, for exportation to the United States at plaintiff's entered values of the present merchandise.

I hold as matter of law:

(1) That there was not, at the time of exportation of the merchandise in question, a statutory foreign value (section 402 (c), as amended, *supra*) for such or similar merchandise.

(2) That the proper basis for appraisement of these articles is export value, as that value is defined in section 402 (d) of the Tariff Act of 1930.

(3) That such statutory value for the items in question is, in each instance, the entered value.

Judgment will be rendered accordingly.