(A. R. D. 96)

UNITED STATES *v.* VANDERGRIFT FORWARDING CO., INC.

Entry Nos. 918177; 719067; 767866.

## Second Division, Appellate Term

(Decided December 31, 1958)

*George Cochran Doub,* Assistant Attorney General (*Samuel D. Spector,* trial attorney), for the appellant.

*Jordan & Klingaman* (*Jacob L. Klingaman* of counsel) for the appellee.

Before LAWRENCE, RAO, and FORD, Judges

FORD, Judge: This application for a review of the decision and judgment of the trial court which was reported in 40 Cust. Ct. 781, Reap. Dec. 9119, filed under the provisions of title 28 U. S. C., section 2636 (a), covers the appeals for reappraisement listed in schedule "A," attached hereto and made a part hereof. The matter was originally decided in 38 Cust. Ct. 677, Reap. Dec. 8826, and was reversed and remanded in 40 Cust. Ct. 865, A. R. D. 82.

The merchandise covered by these appeals consists of compacts, combs, pill boxes, perfume flacons, and lipstick holders which were appraised on the basis of foreign value of similar merchandise at the invoice unit prices, plus 33⅓ per centum, less 2 per centum cash discount, plus packing.

Appellee claims the proper dutiable value of the involved merchandise to be the invoice unit value, less 2 per centum cash discount, plus packing.

The trial court held the merchandise was not similar to the merchandise sold in the home market and found the proper basis of appraisement to be export value which it held was the entered value.

In our decision in A. R. D. 82, *supra,* we adopted the trial court's summary of the evidence and found the involved merchandise was not similar to the merchandise sold in the home markets of Germany. In support of this question of law, the trial court cited the cases of *United States* v. *Stephen Rug Mills,* 16 Cust. Ct. 369, Reap. Dec. 6283; *United States* v. *Vietor & Achelis,* 17 C. C. P. A. (Customs) 412, T. D. 43864; and *United States* v. *Kraft Phenix Cheese Corp., et al.,* 26 C. C. P. A. (Customs) 224, C. A. D. 21, which we agreed were decisive

of the question of similarity. We then made the following analysis of the above-cited cases:

* * * In the *Stephen Rug Mills* case, *supra*, certain cotton and jute rugs were held not to be similar to other rugs sold for home consumption in the Belgian market, based upon a finding that there was a distinct difference in the construction of the two types of rugs and that the imported rugs were not salable in the foreign market. In the *Vietor & Achelis* case, *supra*, two types of ribbons were held to be dissimilar, the conclusion being based largely upon the difference in the values, approximately 20 per centum, between the two classes of ribbons. In the *Kraft Phenix Cheese Corp.* case, *supra*, two kinds of Roquefort cheese were held to be dissimilar, although used for the same purpose, based upon a finding that each kind of cheese was subjected to different treatment, which resulted in varying properties.

The matter was, however, reversed and remanded to the trial court, since the decision did not contain a statement of the reasons and the facts on which the decision was based, as required by law and as set forth in the case of *Florea & Co., Inc.* v. *United States*, 35 C. C. P. A. (Customs) 153, C. A. D. 387.

Apparently, the trial court was of the opinion that the decision was reversed and remanded solely for the purpose of the making of findings of fact and conclusions of law. Accordingly, in Reap. Dec. 9119, *supra*, the trial court adhered to its decision, but revised it to the extent of setting forth findings of fact and conclusions of law. It was not, however, our intention to be unduly technical in our judgment of reversal. Primarily, our action was taken because our examination of the record revealed a lack of proof of proper value. It was for that reason we called for the rationale behind the trial court's decision in its finding of export value. It was our intention in reversing and remanding this matter to have the trial court set forth the facts which established the necessary elements of export value.

An examination of the record in this matter indicates the evidence is insufficient to establish that, on or about the dates of exportation herein, such or similar merchandise was freely offered for sale, to all purchasers in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for export to the United States. While the record does establish the appraisement to be erroneous, since there is no similar merchandise, it was incumbent upon appellee to establish an export value by establishing every element of that value in strict compliance with the dictates of section 402 (d) of the Tariff Act of 1930. Failing to sustain the burden of proof, the value fixed by the appraiser remains in force.

Based upon the record, we find as facts:

(1) That the merchandise in question consists of compacts, combs, pill boxes, perfume flacons, and lipstick holders, exported from Germany between June 1953 and October 1953.

(2) That said merchandise was entered at invoice unit prices, less 2 per centum cash discount, packed, and was appraised at invoice unit prices, plus 33⅓ per centum, less 2 per centum cash discount, plus the cost of cases and packing.

(3) That neither such nor similar merchandise was offered for sale in the home market.

(4) That the evidence is insufficient to establish that, on or about the dates of exportation, such or similar merchandise was freely offered for sale, to all purchasers in the principal markets of the country, in the usual wholesale quantities and in the ordinary course of trade, for export to the United States.

Accordingly, we hold as a matter of law:

That the presumption of correctness attached to the appraiser's finding of value has not been overcome.

Judgment of the trial court is, therefore, reversed. Judgment will be entered accordingly.